PHILIP MENSAH, Respondent, v CHARLES BADU et al., Appellants. [892 NYS2d 428]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's hospital records were not in proper form because they were uncertified (*see Mejia v DeRose,* 35 AD3d 407 [2006]). Consequently, they were insufficient to raise a triable issue of fact.

The affidavits of Dr. Jason S. Brattner and Dr. Dominic Rubino, as well as the affirmed medical report of Dr. Irving Friedman, reveal contemporaneous and recent testing results that showed significant range of motion limitations in the plaintiff's cervical spine. However, none of those experts addressed the findings of the defendants' radiologist, who concluded that the bulging and herniated discs observed in the

plaintiff's cervical spine magnetic resonance imaging films were degenerative in nature and unrelated to the subject accident. Thus, the conclusions of the plaintiff's experts that the injuries and limitations noted during their respective examinations were the result of the subject accident were speculative (see Ferebee v Sheika, 58 AD3d 675, 676 [2009]; Cornelius v Cintas Corp., 50 AD3d 1085, 1086-1087 [2008]; Marrache v Akron Taxi Corp., 50 AD3d 973, 974 [2008]; Giraldo v Mandanici, 24 AD3d 419, 420 [2005]).

Only Dr. Friedman examined the plaintiff's lumbar spine, and that examination took place some two years after the accident. Since Dr. Friedman did not make any contemporaneous range of motion findings that revealed the existence of significant limitations in the plaintiff's lumbar spine, his examination did not raise a triable issue of fact as to whether the plaintiff sustained a serious injury to his lumbar spine under the permanent consequential limitation or the significant limitation of use category of Insurance Law § 5102 (d) (see Taylor v Flaherty, 65 AD3d 1328, 1328-1329 [2009]; Fung v Uddin, 60 AD3d 992, 993 [2009]; Gould v Ombrellino, 57 AD3d 608, 609 [2008]; Kuchero v Tabachnikov, 54 AD3d 729, 730 [2008]; Ferraro v Ridge Car Serv., 49 AD3d 498 [2008]).

Furthermore, neither the plaintiff nor Dr. Friedman adequately explained his cessation of treatment after February 23, 2007. That was the last time that the plaintiff sought treatment (see Shaji v City of New Rochelle, 66 AD3d 760 [2009]; Ciancio v Nolan, 65 AD3d 1273, 1274 [2009]; see also Pommells v Perez, 4 NY3d 566, 574 [2005]; Bycinthe v Kombos, 29 AD3d 845, 846 [2006]).

Finally, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained as a result of the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days thereafter (see Ponciano v Schaefer, 59 AD3d 605, 607 [2009]; Sainte-Aime v Ho, 274 AD2d 569, 570 [2000]). The plaintiff admitted that he lost merely one month of work as a result of the subject accident. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.