■ MARIENELLA E. BUNTIN, Appellant, v LUCKSON RENE et al., Respondents. (And a Related Action.) [896 NYS2d 894]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered February 3, 2009, as, upon renewal, adhered to an original determination in an order entered July 24, 2008, granting the respective motions of the defendant Luckson Rene, and the defendants K. Vasiliades and Helen Sierra, which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The Supreme Court, upon renewal, properly adhered to its original determination granting the respective motions of the defendant Luckson Rene, and the defendants K. Vasiliades and Helen Sierra, which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The medical report of Dr. Hamid I. Lalani submitted in support of the plaintiff's motion for leave to

renew, which contained the plaintiff's range of motion findings shortly after the subject accident, failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The Supreme Court correctly determined that the report was not affirmed, and certification did not cure this defect (*see* CPLR 2106; *see also Washington v Mendoza*, 57 AD3d 972 [2008]; *Matter of Bronstein-Becher v Becher*, 25 AD3d 796, 797 [2006]). Dr. Lalani's other reports, as well as the reports of STZ Chiropractic, P.C., and Ming Hua Acupuncture, P.C., submitted on the motion for leave to renew, also were unaffirmed. Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.