■ SUPREME K. McLOUD et al., Respondents, v RAFAEL A. REYES, Appellant. [919 NYS2d 32]—

The defendant met his prima facie burden of showing that the plaintiff Supreme K. McLoud did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The medical records submitted by the plaintiffs from Medical Care 4 You, P.C., were not in admissible form since they were uncertified (*see Rush v Kwan Chiu*, 79 AD3d 1004 [2010]; *Lozusko v Miller*, 72 AD3d 908 [2010]; *Mejia v DeRose*, 35 AD3d 407, 408 [2006]). The certification of Dr. Jadwiga H. Pawlowski was insufficient to affirm the contents of the medical report of Dr. Robert F. Dickerson, which was annexed to it (*see* CPLR 2106; *see also Buntin v Rene*, 71 AD3d 938 [2010]; *Washington v Mendoza*, 57 AD3d 972, 973 [2008]; *Matter of Bronstein-Becher v Becher*, 25 AD3d 796, 797 [2006]).

The affirmed medical reports of Dr. Dale Alexander and Dr.

Lester Nadel submitted by the plaintiffs revealed that on September 17, 2007, and January 10, 2008, respectively, McLoud had full range of motion in his right knee.

The affirmed medical reports submitted by the plaintiffs of Dr. Benjamin Cortijo, one of McLoud's treating physicians, failed to raise a triable issue of fact because he failed to explain or reconcile the apparent inconsistencies in his own findings (*see Vasquez v John Doe #1*, 73 AD3d 1033 [2010]; *Carrillo v DiPaola*, 56 AD3d 712 [2008]; *Felix v Wildred*, 54 AD3d 891 [2008]; *O'Shea v Johnson*, 49 AD3d 614 [2008]; *Magarin v Kropf*, 24 AD3d 733 [2005]), or those findings of McLoud's other treating physicians (*see Resek v Morreale*, 74 AD3d 1043 [2010]). In any event, the approximate 12% limitation in range of motion noted by Dr. Cortijo on his July 13, 2009, examination of McLoud was insignificant within the meaning of the no-fault statute (*see Licari v Elliott*, 57 NY2d 230, 236 [1982]; *Trotter v Hart*, 285 AD2d 772, 773 [2001]; *Decker v Stang*, 243 AD2d 1033, 1037 [1997]; *Waldman v Dong Kook Chang*, 175 AD2d 204 [1991]; *cf. Mazo v Wolofsky*, 9 AD3d 452 [2004]).

The affirmation of Dr. Steven Brownstein submitted by the plaintiffs with his annexed magnetic resonance imaging report concerning McLoud's right knee, also failed to raise a triable issue of fact. Those submissions merely revealed a tear of the posterior horn of both menisci in the right knee. The mere existence of torn menisci is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Resek v Morreale*, 74 AD3d 1043 [2010]; *Larson v Delgado*, 71 AD3d 739, 740 [2010]; *Ciancio v Nolan*, 65 AD3d 1273, 1274 [2009]; *Niles v Lam Pakie Ho*, 61 AD3d 657, 659 [2009]; *Cornelius v Cintas Corp.*, 50 AD3d 1085, 1087 [2008]). Such evidence was clearly lacking in this case.

The plaintiffs failed to submit any competent medical evidence that McLoud was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days following the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]).

Since the plaintiffs failed to raise a triable issue of fact on the threshold issue of serious injury, the Supreme Court should have denied, as academic, the defendant's separate motion for summary judgment dismissing the complaint on the ground that he was not negligent in causing the subject accident (*see Zawaski v Salzano*, 77 AD3d 823, 824 [2010]). Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.