■ ADELIS TORRES, Respondent, v MARILYN S. POSY et al., Appellants. [937 NYS2d 887]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Although the plaintiff alleged that she sustained certain injuries to her right knee as a result of the subject accident, the defendants submitted competent medical evidence establishing, prima facie, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and, in any event, were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]). In addition, although the plaintiff alleged that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) as a result of the subject accident, the defendants submitted evidence establishing, prima facie, that she did not sustain such an injury (*see McIntosh v O'Brien*, 69 AD3d 585, 587 [2010]).

In opposition, the plaintiff, who failed to adequately explain a cessation of her medical treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Vasquez v John Doe #1*, 73 AD3d 1033, 1034 [2010]), failed to raise a triable issue of fact (*see Pommells v Perez*, 4 NY3d at 579). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.