■ IL CHUNG LIM, Appellant, v MICHAL K. CHRABASZCZ, Respondent. [944 NYS2d 236]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), entered April 5, 2011, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Although the plaintiff alleged that he sustained certain

injuries to his left knee as a result of the subject accident, the defendant submitted competent medical evidence establishing, prima facie, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) and, in any event, were not caused by the subject accident but, instead, were degenerative in nature (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Torres v Posy*, 92 AD3d 676 [2012]; *Jilani v Palmer*, 83 AD3d 786 [2011]; *Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact. The approximate 13% limitation in range of motion of the left knee noted by the plaintiff's treating physician, Dr. Benjamin Chang, on his most recent examination of the plaintiff on December 3, 2010, was insignificant within the meaning of the no-fault statute (*see McLoud v Reyes*, 82 AD3d 848, 849 [2011]). In any event, the plaintiff's submissions were insufficient to raise a triable issue of fact to rebut the finding of the defendant's radiologist that the injuries depicted in the magnetic resonance imaging (hereinafter MRI) films of his left knee were degenerative in nature and unrelated to the subject accident. Neither the plaintiff's radiologist nor Dr. Chang addressed the findings of the defendant's radiologist pertaining to the degenerative nature of the plaintiff's left knee injuries, and Dr. Chang's conclusion that, based upon a review of the uncertified MRI report, the subject injuries were caused by the accident and were not degenerative in nature, was speculative and insufficient to raise a triable issue of fact (*see Mensah v Badu*, 68 AD3d 945, 946 [2009]; *Ortega v Maldonado*, 38 AD3d 388 [2007]).

Finally, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained as a result of the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days thereafter (*see Mensah v Badu*, 68 AD3d at 946). The plaintiff admitted in his supplemental bill of particulars that he was incapacitated as a result of the accident for only two days. He further failed to dispute his admission to the defendant's orthopedist that the accident caused him to lose only two days of work as a limousine driver.

Accordingly, the Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur. [**Prior Case History: 2011 NY Slip Op 30745(U).**]