Contrary to the appellants’ contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs motion which was for leave to reargue, inasmuch as the court reasonably concluded that it had overlooked the certification appended to the plaintiff’s medical records and reports (see Shields v Kleiner, 93 AD3d 710, 711-712 [2012]; Rivera v Benaroti, 29 AD3d 340, 341 [2006]).
Nevertheless, upon reargument, the plaintiff failed to raise a triable issue of fact in opposition to the appellants’ prima facie showing that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Contrary to the plaintiffs contention, the certification of the medical records and reports by the records custodian of the subject medical facility was not sufficient to properly place the medical conclusions and opinions contained in those records and reports before the court, since those opinions must be sworn to or affirmed under the penalties for perjury (see McLoud v Reyes, 82 AD3d 848 [2011]; Buntin v Rene, 71 AD3d 938 [2010]; Pagano v Kingsbury, 182 AD2d 268, 270 [1992]). Consequently, the various unaffirmed conclusions and opinions of the plaintiffs treating physicians were not submitted in a form necessary to oppose the motion (see Grasso v Angerami, 79 NY2d 813 [1991]; Balducci v Velasquez, 92 AD3d 626, 627-628 [2012]; Scheker v Brown, 91 AD3d 751, 751-752 [2012]). The plaintiffs claim that these documents should nevertheless be considered is without merit, since the plaintiff demonstrated no excuse whatsoever for failing to meet the “strict requirement of tender in admissible form” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; see Merriman v Integrated Bldg. Controls, Inc., 84 AD3d 897, 899 [2011]).
On the other hand, the plaintiff and his treating physician, Dr. Ahmed A. Elsoury, properly relied on the reports interpreting the films of the magnetic resonance imaging scans of the cervical and lumbar regions of the plaintiffs spine performed on November 23, 2009, and December 16, 2009, even though they were unsworn, since the appellants presented the results of those scans through their expert radiologist’s affirmation in support of their motion for summary judgment (see Akm *848 Shafiqul Azam v New York City Health & Hosps. Corp., 98 AD3d 595, 596 [2012]; Zarate v McDonald, 31 AD3d 632, 633 [2006]; Thompson v Abbasi, 15 AD3d 95, 97 [2005]). However, the plaintiffs submissions failed to address the nonconclusory finding of the appellants’ radiologist that the disc bulges and herniations observable in those scans were degenerative in nature. This rendered Dr. Elsoury’s conclusion as to the cause of the bulges and herniations speculative and, thus, insufficient to raise a triable issue of fact (see II Chung Lim v Chrabaszcz, 95 AD3d 950, 951 [2012]; Mensah v Badu, 68 AD3d 945, 945-946 [2009]; Zarate v McDonald, 31 AD3d at 633).
Furthermore, the limitations that Dr. Elsoury found in the range of motion of the cervical and lumbar regions of the plaintiffs spine during his most recent examination were not significant within the meaning of Insurance Law § 5102 (d) (see Lively v Fernandez, 85 AD3d 981, 981-982 [2011]; Casco v Cocchiola, 62 AD3d 640, 641 [2009]; Trotter v Hart, 285 AD2d 772, 773 [2001]; Waldman v Dong Kook Chang, 175 AD2d 204 [1991]; cf. Mazo v Wolofsky, 9 AD3d 452, 453 [2004]; Espinoza v Dinicola, 8 AD3d 225 [2004]).
In light of the foregoing, upon reargument, the Supreme Court should have adhered to its determination in the order dated September 8, 2011, granting those branches of the appellants’ motion which were for summary judgment dismissing, insofar as asserted against them, so much of the complaint as alleged that the plaintiff sustained a permanent loss of use of a body organ, member, function, or system, a permanent consequential limitation of use of a body organ or member, and a significant limitation of use of a body function or system.
The appellants’ remaining contention is without merit. Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.