■ ANTHONY JOHN, Respondent, v KATE LINDEN, Appellant. [1 NYS3d 274]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated July 10, 2014, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

In support of her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the defendant met her prima facie burden of showing that the plaintiff did not sustain such an injury as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's cervical and lumbar regions of the spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Hayes v Vasilios*, 96 AD3d 1010, 1011 [2012]; *Staff v Yshua*, 59 AD3d 614 [2009]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]) and, in any event, were not caused by the subject accident but, instead,

were degenerative in nature (*see Kabir v Vanderhost*, 105 AD3d 811 [2013]; *Il Chung Lim v Chrabaszcz*, 95 AD3d 950 [2012]; *Faulkner v Steinman*, 28 AD3d 604, 605 [2006]). The defendant further established through the transcript of the plaintiff's deposition testimony that the plaintiff missed only one day of work following the accident and, therefore, he did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Marin v Ieni*, 108 AD3d 656 [2013]; *Bamundo v Fiero*, 88 AD3d 831 [2011]; *Lewars v Transit Facility Mgt. Corp.*, 84 AD3d 1176, 1178 [2011]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affirmations of the plaintiff's treating neurologist failed to address the findings of the defendant's examining radiologist that the plaintiff suffered from a longstanding and degenerative disc disease in his cervical spine which was not caused by the subject accident (*see Inzalaco v Consalvo*, 115 AD3d 807, 808-809 [2014]; *Irizarry v Lindor*, 110 AD3d 846, 847 [2013]; *Chery v Jones*, 62 AD3d 742, 742-743 [2009]; *Faulkner v Steinman*, 28 AD3d 604, 605 [2006]). Furthermore, the affirmed magnetic resonance imaging report of the plaintiff's examining radiologist and the affirmed EMG report of the plaintiff's treating physician, which revealed the existence of disc bulges and disc herniations in the plaintiff's cervical spine and radiculopathy, did not set forth those doctors' opinions on the cause of the findings that they made in their reports (*see Knox v Lennihan*, 65 AD3d 615, 616 [2009]; *Garcia v Lopez*, 59 AD3d 593, 594 [2009]; *Albano v Onolfo*, 36 AD3d 728, 729 [2007]). In addition, the plaintiff failed to set forth any competent medical evidence sufficient to raise a triable issue of fact as to whether he sustained a medically determined injury of a nonpermanent nature that prevented him from performing his usual and customary activities for 90 of the 180 days following the subject accident (*see Strenk v Rodas*, 111 AD3d 920, 921 [2013]; *Knox v Lennihan*, 65 AD3d at 616; *Gavin v Sati*, 29 AD3d 734, 735 [2006]).

The plaintiff's remaining contention is not properly before this Court.

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.