■ Dae Kyoo Kim, Plaintiff, and Do Hyun Cho, Appellant, v Lemon Transportation Corp. et al., Respondents. (And a Third-Party Action.) [67 NYS3d 266]—In an action, inter alia, to recover damages for personal injuries, the plaintiff Do Hyun Cho appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated May 9, 2016, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar

as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants met their prima facie burden of showing that the plaintiff Do Hyun Cho (hereinafter the appellant) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the appellant's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In addition, the defendants established, prima facie, that the appellant did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) by submitting a transcript of the appellant's deposition testimony, which demonstrated that he missed only two weeks of work following the accident (*see John v Linden*, 124 AD3d 598, 599 [2015]; *Marin v Ieni*, 108 AD3d 656, 657 [2013]; *Richards v Tyson*, 64 AD3d 760, 761 [2009]).

In opposition, the appellant failed to raise a triable issue of fact (*see Il Chung Lim v Chrabaszcz*, 95 AD3d 950, 951 [2012]; *McLoud v Reyes*, 82 AD3d 848, 849 [2011]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the appellant. Rivera, J.P., Austin, Roman, Hinds-Radix and Connolly, JJ., concur.