Romero v Austin (2018 NY Slip Op 04583)





Romero v Austin


2018 NY Slip Op 04583


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-05957
 (Index No. 4036/10)

[*1]Margarita Romero, et al., respondents, 
v
Paquita M. Austin, appellants.


Richard T. Lau, Jericho, NY (Nancy S. Goodman of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), dated March 4, 2016. The order denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiffs B.R. and J.X.F.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiffs B.R. and J.X.F. is granted.
The plaintiffs commenced this action against the defendants to recover damages for personal injuries allegedly sustained in an automobile accident. After the action was discontinued by certain plaintiffs, the defendants moved for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiffs B.R. and J.X.F. (hereinafter together the infant plaintiffs), on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court denied the defendants' motion, and the defendants appeal.
The defendants met their prima facie burden of showing that neither of the infant plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the spines of both of the infant plaintiffs did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Il Chung Lim v Chrabaszcz, 95 AD3d 950, 951; Staff v Yshua, 59 AD3d 614). In addition, the defendants established, prima facie, that neither of the infant plaintiffs sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d). The transcripts of the infant plaintiffs' deposition testimony submitted by the defendants demonstrated that neither of the infant plaintiffs missed any school following the accident (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761). In opposition, the infant plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for [*2]summary judgment dismissing the complaint insofar as asserted on behalf of the infant plaintiffs.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court