Sylvain v Maurer (2018 NY Slip Op 07169)





Sylvain v Maurer


2018 NY Slip Op 07169


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-09801
 (Index No. 603711/14)

[*1]Jeff Sylvain, et al., appellants, 
v
Gerhard Maurer, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellants.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Daniel Palmieri, J.), entered August 16, 2016. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action arises from a motor vehicle accident that occurred on July 28, 2013. The plaintiffs, Jeff Sylvain and Kahneta Williams-Grant (hereinafter Williams), commenced this action to recover damages for personal injuries they each allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court, among other things, granted the defendant's motion, and the plaintiffs appeal.
On appeal, the plaintiffs do not raise any arguments relating to the Supreme Court's determination that the defendant met his prima facie burden of showing that each plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; see also DiLernia v Khan, 62 AD3d 644, 645).
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs failed to submit competent medical evidence showing that Sylvain sustained a serious injury to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (cf. Perl v Meher, 18 NY3d 208, 218-219). In addition, the plaintiffs' experts failed to address the findings of the defendant's radiologist that the alleged injuries to the cervical and lumbar regions of the spine of both plaintiffs were degenerative in nature (see John v Linden, 124 AD3d 598, 599; Irizarry v Lindor, 110 AD3d 846, 848). Further, the plaintiffs failed to raise a triable issue of fact as to whether Williams sustained a serious injury to her left knee within the meaning of Insurance Law § 5102(d) (see Il Chung Lim v Chrabaszcz, 95 AD3d 950, 951; McLoud v Reyes, 82 AD3d 848, 849). Finally, the plaintiffs failed to raise a triable issue of fact as to whether the alleged injury to Sylvain's right knee constituted a [*2]serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Estrella v GEICO Ins. Co., 102 AD3d 730, 731; Griffiths v Munoz, 98 AD3d 997, 998; Lively v Fernandez, 85 AD3d 981, 982).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court