Ye Jin Han v Karimzada (2019 NY Slip Op 01453)





Ye Jin Han v Karimzada


2019 NY Slip Op 01453


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2017-06495
 (Index No. 603724/16)

[*1]Ye Jin Han, appellant, 
v
Nahid Karimzada, respondent.


Andrew Park, P.C., New York, NY (Alexander Berger of counsel), for appellant.
Sette & Apoznanski (Russo & Tambasco, Melville, NY [Susan J. Mitola and Gerard Ferrara], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered May 25, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on September 28, 2013. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion. The plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that any limitations of range of motion were not significant (see Il Chung Lim v Chrabaszcz, 95 AD3d 950, 951; McLoud v Reyes, 82 AD3d 848, 849; Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff submitted competent evidence of significant loss of range of motion in the lumbar region of her spine and her right shoulder, which raised a triable issue of fact (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court