MacInness v Chao Wang (2019 NY Slip Op 02331)





MacInness v Chao Wang


2019 NY Slip Op 02331


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-02802
 (Index No. 703740/14)

[*1]James MacInness, et al., appellants, 
v
Chao Wang, et al., defendants, Wai Man Wilda Cheung, et al., respondents.


Philip J. Dinhofer, LLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Brianna Walsh], of counsel), for appellants.
Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiffs, James MacInness and Lisa MacInness, appeal from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered February 23, 2017. The order granted the motion of the defendants Wai Man Wilda Cheung and Tse Chi Chung which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff James MacInness did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiffs, James MacInness and Lisa MacInness, commenced this action, inter alia, to recover damages for personal injuries that the plaintiff James MacInness (hereinafter the plaintiff) contends he sustained in a motor vehicle accident on March 18, 2009. The defendants Wai Man Wilda Cheung and Tse Chi Chung (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiffs appeal.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine was not caused by the accident (see Gouvea v Lesende, 127 AD3d 811, 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579, 580). In addition, the defendants established, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Prisco v Rinaldi,166 AD3d 1026; DaCosta v Gibbs, 139 AD3d 487, 488). In opposition, the plaintiffs failed to raise a triable issue of fact (see John v Linden, 124 AD3d 598, 599; Irizarry v Lindor, 110 AD3d 846, 848).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court