Magnano v DiMisa (2019 NY Slip Op 05119)





Magnano v DiMisa


2019 NY Slip Op 05119


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-05180
 (Index No. 60524/13)

[*1]Laurence S. Magnano, appellant, 
v
Anthony DiMisa, et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Schondebare & Korcz, Bohemia, NY (Amy B. Korcz of counsel), for respondent Anthony DiMisa.
Zaklukiewicz, Puzo & Morrissey, LLP, Islip Terrace, NY (Jenny Lynn Lazar of counsel), for respondent Adam C. Levins.
Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for respondent Bryan J. Connors.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated May 1, 2017. The order, insofar as appealed from, in effect, granted the separate motions of the defendant Adam C. Levins and the defendant Bryan J. Connors for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and that branch of the separate motion of the defendant Anthony DiMisa which was for the same relief as to him.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the separate motions of the defendant Adam C. Levins and the defendant Bryan J. Connors for summary judgment dismissing the complaint insofar as asserted against each of them, and that branch of the separate motion of the defendant Anthony DiMisa which was for the same relief as to him, are denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants Adam C. Levins and Bryan J. Connors separately moved for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The defendant Anthony DiMisa, inter alia, moved for the same relief as to him. The Supreme Court, in effect, granted the separate motions of Levins and Connors, and that branch of Demisa's motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject [*2]accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants relied on competent medical evidence establishing, prima facie, that the alleged injury to the cervical region of the plaintiff's spine did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Il Chung Lim v Chrabaszcz, 95 AD3d 950, 951; McLoud v Reyes, 82 AD3d 848, 849; Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to the cervical region of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219). Contrary to the defendants' contention, the burden did not shift to the plaintiff to raise a triable issue of fact regarding causation or to explain any gap in treatment, as the defendants failed to establish, prima facie, a lack of causation (see Pommells v Perez, 4 NY3d 566, 577-578; Lambropoulos v Gomez, 166 AD3d 952).
Accordingly, the Supreme Court should have denied the separate motions of Levins and Connors for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, and that branch of DiMisa's motion which was for the same relief as to him.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court