Ji Hae Kim v Quintanilla (2019 NY Slip Op 06071)





Ji Hae Kim v Quintanilla


2019 NY Slip Op 06071


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-05185
 (Index No. 69160/14)

[*1]Ji Hae Kim, et al., appellants, et al., plaintiff,
v
Lili Quintanilla, respondent.


Andrew Park, P.C., New York, NY, for appellants.
Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs Ji Hae Kim and Jae Soon Lee appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated April 7, 2017. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Ji Hae Kim and Jae Soon Lee on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Jae Soon Lee, and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs commenced this action to recover damages for personal injuries that they each allegedly sustained in a motor vehicle accident that occurred on November 12, 2013. The defendant moved for summary judgment dismissing the complaint on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Ji Hae Kim and Jae Soon Lee on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The plaintiffs Ji Hae Kim and Jae Soon Lee appeal.
The defendant failed to meet her prima facie burden of showing that the plaintiff Jae Soon Lee (hereinafter Lee) did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendant failed to adequately address Lee's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Richards v Tyson, 64 AD3d 760, 761). Since the defendant failed to meet her prima facie burden in this regard, it is unnecessary to determine whether the submissions by Lee [*2]in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
The defendant met her prima facie burden of showing that the plaintiff Ji Hae Kim (hereinafter Kim) did not sustain a serious injury within the meaning of Insurance Law § 5102(d) (see Toure v Avis Rent A Car Sys., 98 NY2d at 345; Gaddy v Eyler, 79 NY2d at 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to Kim's left knee did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). The defendant also demonstrated, prima facie, that Kim did not sustain a serious injury under the 90/180-day category (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761). In opposition, Kim failed to raise a triable issue of fact (see Il Chung Lim v Chrabaszcz, 95 AD3d 950, 951; McLoud v Reyes, 82 AD3d 848, 849).
Accordingly, we disagree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by Lee, but agree with the court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by Kim.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court