Bienaime v All Seasons Taxi Corp. (2019 NY Slip Op 06464)





Bienaime v All Seasons Taxi Corp.


2019 NY Slip Op 06464


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-00365
 (Index No. 8140/15)

[*1]Bodrick Bienaime, appellant, 
v
All Seasons Taxi Corp., et al., respondents.


Cellino & Barnes, P.C., Melville, NY (David E. Silverman and John E. Lavelle of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn, NY (Stacy R. Seldin of counsel), for respondents All Seasons Taxi Corp. and Robert Starr.
Richard T. Lau, Jericho, NY (Nancy S. Goodman of counsel), for respondent Allison A. Pristupa.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered November 2, 2017. The order granted the motion of the defendants All Seasons Taxi Corp. and Robert Starr, and the separate motion of the defendant Allison A. Pristupa, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On December 5, 2014, the plaintiff was a passenger in a vehicle owned by the defendant All Seasons Taxi Corp. and operated by the defendant Robert Starr when it collided with a vehicle operated by the defendant Allison A. Pristupa. In September 2015, the plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in the accident. Thereafter, All Seasons Taxi Corp. and Starr moved, and Pristupa separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendants' separate motions. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's right shoulder and right wrist did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In addition, the defendants submitted competent [*2]medical evidence establishing, prima facie, that the alleged injury to the cervical region of the plaintiff's spine was not caused by the subject accident (see Gouvea v Lesende, 127 AD3d 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579). They also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761). In opposition, the plaintiff failed to raise a triable issue of fact (see Radoncic v Faulk, 170 AD3d 1058, 1060; Cavitolo v Broser, 163 AD3d 913, 914; Il Chung Lim v Chrabaszcz, 95 AD3d 950, 951).
Accordingly, we agree with the Supreme Court's determination granting the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court