Caseres v Verma (2019 NY Slip Op 08650)





Caseres v Verma


2019 NY Slip Op 08650


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2018-07984
 (Index No. 605527/16)

[*1]Sonia Bonilla Caseres, appellant, 
v
Geeta K. Verma, respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Sette & Apoznanski (Russo & Tambasco, Melville, NY [Susan J. Mitola and Alina Vengerov], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered May 23, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she was struck by a vehicle while she was riding a bicycle on September 12, 2013. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted, inter alia, the plaintiff's own deposition testimony and competent medical evidence establishing, prima facie, that the plaintiff's alleged injuries did not constitute serious injuries under the significant disfigurement, permanent consequential limitation of use, or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614; Loiseau v Maxwell, 256 AD2d 450). In opposition, the plaintiff failed to raise a triable issue of fact (see Il Chung Lim v Chrabaszcz, 95 AD3d 950, 951; McLoud v Reyes, 82 AD3d 848, 849).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court