Fils-Aime v Hossan (2022 NY Slip Op 04900)

Fils-Aime v Hossan

2022 NY Slip Op 04900

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-09625
 (Index No. 519580/16)

[*1]Junior G. Fils-Aime, appellant, 
v
Mohammed Sazzad Hossan, etc., et al., respondents.

Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents, Mohammed Sazzad Hossan and Card Trans Corp.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 3, 2020. The order granted the motion of the defendants Mohammed Sazzad Hossan and Card Trans Corp. and the separate motion of the defendants Gian Singh and Morris Brodsky, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs payable to the respondents Mohammed Sazzad Hossan and Card Trans Corp.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on November 7, 2014. The defendants Mohammed Sazzad Hossan and Card Trans Corp. moved, and the defendants Gian Singh and Morris Brodsky separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated December 3, 2020, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 351; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's left shoulder and left knee did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, the plaintiff failed to raise a triable issue of fact (see Estrella v GEICO Ins. Co., 102 AD3d 730, 731; Griffiths v Munoz, 98 AD3d 997, 998; Il Chung Lim v Chrabaszcz, 95 AD3d 950, 951; McLoud v Reyes, 82 AD3d 848, 849).
Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
DUFFY, J.P., ROMAN, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court