■ ALEX CHO et al., Appellants, v JOHN M. MICHELANGELI, Respondent. [60 NYS3d 387]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Sampson, J.), entered November 23, 2015, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Alex Cho, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant met his prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff Alex Cho's right

shoulder and the plaintiff Jun Hyun Cho's left knee did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, the plaintiffs raised a triable issue of fact as to whether Alex Cho sustained a serious injury to his right shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). However, the plaintiffs failed to raise a triable issue of fact as to whether Jun Hyun Cho sustained a serious injury to his left knee within the meaning of Insurance Law § 5102 (d) (*see Il Chung Lim v Chrabaszcz*, 95 AD3d 950, 951 [2012]; *McLoud v Reyes*, 82 AD3d 848, 849 [2011]).

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by Alex Cho, but properly granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted by Jun Hyun Cho. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.