Chichester v Chichester (2019 NY Slip Op 05953)





Chichester v Chichester


2019 NY Slip Op 05953


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-12273
 (Index No. 18999/15)

[*1]Cynthia Chichester, appellant,
v
Katie Chichester, respondent.


The Elan Law Firm, New York, NY (Robert I. Elan of counsel), for appellant.
Roe & Associates, Garden City, NY (Patrick B. McKeown of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated October 16, 2017. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability.
On November 7, 2013, the plaintiff was a passenger in the defendant's car when that car was involved in a motor vehicle accident while merging onto the Southern State Parkway. In October 2015, the plaintiff commenced this action against the defendant to recover damages for injuries she allegedly sustained in the accident. In the bill of particulars, the plaintiff alleged injuries to her right shoulder.
In May 2017, the plaintiff moved for summary judgment on the issue of liability. The defendant then moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In support of her motion, the defendant submitted the affirmed report of an orthopedic surgeon who examined the plaintiff on October 20, 2016. The defendant's orthopedic surgeon measured the range of motion of the plaintiff's right shoulder, using a goniometer, and compared his results to what would be considered normal range of motion. He found the results to be normal.
In opposition to the defendant's motion, the plaintiff submitted the affirmation of an orthopedic surgeon who examined her on June 23, 2017. The plaintiff's orthopedic surgeon measured the range of motion of the plaintiff's right shoulder, using a goniometer, and compared his results to what would be considered normal range of motion. He found restrictions of up to 63%.
The Supreme Court, inter alia, granted the defendant's motion for summary judgment dismissing the complaint, finding that the plaintiff failed to raise a triable issue of fact as to whether she had sustained a serious injury to her right shoulder. The court denied, as academic, the plaintiff's motion for summary judgment on the issue of liability. The plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's right shoulder did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Cho v Michelangeli, 153 AD3d 778, 778-779; Staff v Yshua, 59 AD3d 614).
In opposition, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her right shoulder under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219; Cho v Michelangeli, 153 AD3d at 779).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we remit the matter to the Supreme Court, Suffolk County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability (see Alvarez v Dematas, 65 AD3d 598, 599).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court