Nicholson v Kwarteng (2020 NY Slip Op 00870)





Nicholson v Kwarteng


2020 NY Slip Op 00870


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-13874
 (Index No. 12696/15)

[*1]Michelle Alisa Nicholson, appellant,
v
Afua A. Kwarteng, respondent, et al., defendant.


Sacco & Fillas, LLP, Astoria, NY (Michael S. Warycha of counsel), for appellant.
James G. Bilello (Russo & Tambasco, Melville, NY [Yamile Al-Sullami], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated October 3, 2018. The order granted the motion of the defendant Afua A. Kwarteng for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries that she alleges she sustained in a motor vehicle accident in August 2015. According to the plaintiff, she sustained serious injuries to the cervical region of her spine and her left shoulder within the meaning of Insurance Law § 5102(d), as well as a serious injury under the 90/180-day category of Insurance Law § 5102(d). The defendant Afua A. Kwarteng (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion. The plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing that the alleged injuries to the cervical region of the plaintiff's spine and the plaintiff's left shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Radoncic v Faulk, 170 AD3d 1058, 1060; Staff v Yshua, 59 AD3d 614). The defendant also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category (see Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761).
In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff submitted the affirmed report of an orthopedic surgeon who examined the plaintiff in 2017, it was insufficient to raise a triable issue of fact as the orthopedic surgeon failed to identify the objective tests he utilized to measure the plaintiff's range of motion or to provide other objective test results [*2](see Radoncic v Faulk, 170 AD3d at 1060; Skuret v Yoyo Cab Corp., 169 AD3d 849, 850). The other medical reports and records submitted by the plaintiff were neither sworn nor affirmed, and, thus, were inadmissible (see Grasso v Angerami, 79 NY2d 813; Irizarry v Lindor, 110 AD3d 846, 847).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court