Tran v Mueller (2022 NY Slip Op 02448)

Tran v Mueller

2022 NY Slip Op 02448

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-07435
 (Index No. 611224/15)

[*1]Binhlan Tran, appellant, 
v
Glen Mueller, respondent.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Gentile & Tambasco (Jon M. Kessel and James G. Bilello, Hicksville, NY [Jill Dabrowski], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), entered June 10, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident that occurred on November 20, 2012. Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to her hands did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). The defendant also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761). In opposition, the plaintiff failed to raise a triable issue of fact (see Nicholson v Kwarteng, 180 AD3d 695, 696; Radoncic v Faulk, 170 AD3d 1058, 1060).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court