Monvil v Perlman (2022 NY Slip Op 04021)

Monvil v Perlman

2022 NY Slip Op 04021

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2020-06816
 (Index No. 605685/17)

[*1]Henryo Monvil, et al., appellants,
v
Craig O. Perlman, et al., respondents.

Steven D. Dollinger, Huntington Station, NY (Susan R. Nudelman of counsel), for appellants.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated August 4, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action to recover damages for personal injuries that each of them allegedly sustained in a motor vehicle accident on January 29, 2015. The defendants moved for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated August 4, 2020, the Supreme Court granted the defendants' motion, and the plaintiffs appeal.
The defendants met their prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of each plaintiffs' spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, the plaintiffs failed to raise a triable issue of fact (see Nicholson v Kwarteng, 180 AD3d 695, 696; Radoncic v Faulk, 170 AD3d 1058, 1060).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court