Morales v Carlisi (2022 NY Slip Op 04720)

Morales v Carlisi

2022 NY Slip Op 04720

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2019-12593
2020-03989
 (Index No. 607065/17)

[*1]Melissa A. Morales, appellant, 
v
Nicholas Carlisi, et al., respondents.

Bragoli & Associates, P.C., Melville, NY (Joseph M. Sorce and Susan R. Nudelman of counsel), for appellant.
Carman, Callahan & Ingham, LLP, Farmingdale, NY (Tracy S. Reifer of counsel), for respondent Nicholas Carlisi.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered October 23, 2019, and (2) an order of the same court (Thomas Feinman, J.) entered May 7, 2020. The order entered October 23, 2019, granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The order entered May 7, 2020, denied the plaintiff's motion for leave to renew her opposition to the defendants' separate motions.
ORDERED that the orders are affirmed, with one bill of costs to the defendant Nicholas Carlisi.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident that occurred on July 25, 2014. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered October 23, 2019, the Supreme Court granted the defendants' separate motions. Thereafter, the plaintiff moved for leave to renew her opposition to the defendants' separate motions. In an order entered May 7, 2020, the court denied the plaintiff's motion. The plaintiff appeals from both orders.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and the plaintiff's left shoulder and knees did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, the plaintiff failed to raise a triable issue of fact as her experts failed to compare their [*2]range-of-motion findings to what is normal (see Saunders v Mian, 176 AD3d 994, 995; Pupko v Hassan, 149 AD3d 988, 989). Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
"A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion" (Dembowski v Morris, 184 AD3d 736, 737; see CPLR 2221[e][2]). Here, the plaintiff failed to provide a reasonable justification for her failure to present the new facts in her original opposition to the defendants' separate motions, and, in any event, those facts would not have changed the prior determination (see Moore v Burns, 165 AD3d 1098, 1100). Thus, the Supreme Court properly denied the plaintiff's motion for leave to renew her opposition to the defendants' separate motions.
DUFFY, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court