Dinc v Shalesi (2022 NY Slip Op 04899)

Dinc v Shalesi

2022 NY Slip Op 04899

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-08973
 (Index No. 516707/18)

[*1]Orcun Dinc, appellant, 
v
Jakup Shalesi, respondent, et al., defendants.

Koulikourdis & Associates, Bronx, NY (Peter J. Koulikourdis of counsel), for appellant.
Kevin J. Philbin, New York, NY (Sumona Sikder of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated September 28, 2020. The order granted the motion of the defendant Jakup Shalesi for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on March 20, 2016. The defendant Jakup Shalesi (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated September 28, 2020, the Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and the plaintiff's right knee did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Nicholson v Kwarteng, 180 AD3d 695, 696; Radoncic v Faulk, 170 AD3d 1058, 1060). The defendant also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category (see Nicholson v Kwarteng, 180 AD3d at 695; Marin v Ieni, 108 AD3d 656, 657).
In opposition, the plaintiff failed to raise a triable issue of fact. The report of the plaintiff's expert, Peter Wohl, a chiropractor, was insufficient to raise a triable issue of fact, as he failed to identify the method utilized to measure range of motion (see Nicholson v Kwarteng, 180 AD3d at 696), and failed in his report to provide the normal range of motion (see Saunders v Mian, [*2]176 AD3d 994, 995).
Accordingly, the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him was properly granted.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court