Jinlan Gao v Jae K. Choi (2023 NY Slip Op 02302)

Jinlan Gao v Jae K. Choi

2023 NY Slip Op 02302

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-01452
 (Index No. 712698/17)

[*1]Jinlan Gao, appellant, 
v
Jae K. Choi, respondent.

Sacco & Fillas, LLP, Astoria, NY (Ronald Groman of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman-Brown, J.), entered January 26, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries she allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered January 26, 2021, the Supreme Court granted the motion. The plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and her left knee did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, the plaintiff failed to raise a triable issue of fact. The report of the plaintiff's treating physician was insufficient to raise a triable issue of fact, as the physician failed to identify the method utilized to measure range of motion (see Dinc v Shalesi, 208 AD3d 558, 559; Nicholson v Kwarteng, 180 AD3d 695, 696).
To the extent that the bill of particulars alleged the 90/180-day category of serious injury, the plaintiff abandoned reliance on that category by failing to address it in her brief on appeal (see Yi Di Chen v Falikman, 186 AD3d 1295, 1296).
The parties' remaining contentions have been rendered academic in light of our [*2]determination.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court