Gonzalez v Cohn (2024 NY Slip Op 00617)

Gonzalez v Cohn

2024 NY Slip Op 00617

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-04844
 (Index No. 150317/18)

[*1]Nelson Gonzalez, respondent, 
v
Bruce J. Cohn, appellant.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Marshall D. Sweetbaum], of counsel), for appellant.
Pellegrini & Associates, LLC, New York, NY (Frank L. Pellegrini and Juan C. Restrepo-Rodriguez of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated March 3, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is granted.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated March 3, 2020, the Supreme Court denied the motion. The defendant appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's right hip and the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, the plaintiff failed to raise a triable issue of fact. The report of the plaintiff"s expert physician, Mark L. Brandon, was insufficient to raise a triable issue of fact, as he failed to identify the method used to measure range of motion and failed to provide the normal ranges of motion in his report (see Dinc v Shalesi, 208 AD3d 558, 559; Nicholson v Kwarteng, 180 AD3d 695, 696; Saunders v Mian, 176 AD3d 994, 995; Radoncic v Faulk, 170 AD3d 1058, 1060). Contrary to the plaintiff's contention, he failed to allege an injury to his right knee in his bill of particulars, and therefore did not raise a [*2]triable issue of fact on this basis (see Martinkus v Dahmen, 105 AD3d 1014, 1015).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
CONNOLLY, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court