Alford v Morency (2024 NY Slip Op 01694)

Alford v Morency

2024 NY Slip Op 01694

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-00265
 (Index No. 513312/18)

[*1]Morris Alford, respondent, 
v
Jean W. Morency, etc., appellant.

Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated October 19, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that he allegedly sustained when the vehicle that the defendant was driving collided with the plaintiff's vehicle on September 25, 2015. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated October 19, 2022, the Supreme Court denied the motion. The defendant appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). In support of his motion, the defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's spine and right foot did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Chavez v Foley, 220 AD3d 651, 651-652; Staff v Yshua, 59 AD3d 614), and that the alleged injuries to the plaintiff's spine were not caused by the accident (see Scala v Benitez, 216 AD3d 1190, 1191; Wettstein v Tucker, 178 AD3d 1121, 1122; see also Perl v Meher, 18 NY3d 208, 218-219). In addition, the defendant demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Scala v Benitez, 216 AD3d at 1191; Wettstein v Tucker, 178 AD3d at 1121).
In opposition, the plaintiff failed to raise a triable issue of fact (see Wettstein v Tucker, 178 AD3d at 1121). The affirmed report of the plaintiff's treating physician was insufficient to raise a triable issue of fact, as the treating physician failed to identify the objective tests that she utilized to measure the plaintiff's range of motion, and failed to compare her findings to what would be [*2]normal (see Dinc v Shalesi, 208 AD3d 558, 559; Nicholson v Kwarteng, 180 AD3d 695, 696). The plaintiff's treating physician also failed to address the findings of the defendant's experts that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were degenerative in nature (see Dinardo v Yeshiva Kehilath Yakov, Inc., 218 AD3d 438, 439; Amirova v JND Trans, Inc., 206 AD3d 601, 602). The unsworn medical records and reports submitted by the plaintiff in opposition to the defendant's motion were insufficient to raise a triable issue of fact (see Irizarry v Lindor, 110 AD3d 846, 847; McLoud v Reyes, 82 AD3d 848, 848).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court