Vazquez v Vazquez (2025 NY Slip Op 00345)

Vazquez v Vazquez

2025 NY Slip Op 00345

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-09560
 (Index No. 712154/18)

[*1]Adriana Vazquez, appellant, 
v
Michael D. Vazquez, et al., respondents.

Budin, Reisman, Kupferberg & Bernstein, LLP, New York, NY (Gregory C. McMahon of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondent Michael D. Vazquez.
Michael Ferro, Melville, NY (Jill Dabrowski of counsel), for respondent Donna Pagan.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated November 3, 2022. The order granted the defendants' separate motions for summary judgment dismissing the amended complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated November 3, 2022, the Supreme Court granted the separate motions. The plaintiff appeals.
Contrary to the plaintiff's contention, the defendants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury to her right knee under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; Dinc v Shalesi, 208 AD3d 558, 559; Morales v Carlisi, 207 AD3d 715, 716). In opposition, the plaintiff failed to raise a triable issue of fact, as her expert failed to identify the method utilized to measure range of motion and failed to compare his range of motion findings to what is normal (Dinc v Shalesi, 208 AD3d at 559; Morales v Carlisi, 207 AD3d at 716).
The plaintiff's remaining contentions either need not be reached in light of our determination or are improperly raised for the first time in her reply brief.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court