Cosme-Almandoz v Alejandrino (2025 NY Slip Op 04626)

Cosme-Almandoz v Alejandrino

2025 NY Slip Op 04626

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-11974
 (Index No. 526995/19)

[*1]Trina Aixa Cosme-Almandoz, et al., appellants,
v
Paul L. Alejandrino, et al., respondents.

Ofshtein Law Firm, P.C. (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellants.
Russo & Gould LLP, New York, NY (David S. Gould, Sherbune Paul, and Trishé L.A. Hynes of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated August 5, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained when the vehicle in which they were traveling collided with a vehicle operated by the defendant Alexander P. Ermita Alejandrino and owned by the defendant Paul L. Alejandrino. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated August 5, 2023, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
The defendants met their prima facie burden of showing that the plaintiff Trina Aixa Cosme-Almandoz did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that Cosme-Almandoz's injuries did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In addition, the defendants demonstrated, prima facie, that Cosme-Almandoz did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Wettstein v Tucker, 178 AD3d 1121; John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657).
The defendants also met their prima facie burden of showing that the plaintiff Alejandro J. Estrella did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The defendants submitted competent medical evidence establishing, [*2]prima facie, that Estrella's injuries did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d at 614). Moreover, the defendants demonstrated, prima facie, that Estrella did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Wettstein v Tucker, 178 AD3d at 1121; John v Linden, 124 AD3d at 599; Marin v Ieni, 108 AD3d at 657).
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the Supreme Court properly determined that the reports of the plaintiffs' expert, Ruben Oganesov, were insufficient to raise a triable issue of fact, as he failed to identify the method utilized to measure either plaintiff's range of motion (see Dinc v Shalesi, 208 AD3d 558, 559; Nicholson v Kwarteng, 180 AD3d 695, 696; John v Linden, 124 AD3d at 599).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court